IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA and THE
STATE OF NEW MEXICO; *ex rel.*, LA
FRONTERA CENTER, INC., an Arizona
Nonprofit Corporation, RELATOR

      Plaintiffs,

v.               No. 1:15-cv-01164-KWR-JMR

UNITED BEHAVIORAL HEALTH, INC.,
*et al.*

      Defendants.

**ORDER STRIKING RELATOR'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH DIRECTIONS TO RE-FILE IN COMPLIANCE WITH LOCAL RULES**

THIS MATTER comes before the Court sua sponte on Defendant United's motion for summary judgment, Doc. 216. The Court strikes Relator's Response to United's motion for summary judgment, Doc. 225, for failing to comply with the Court's local rules. *See* D.N.M.LR-Civ. 56.1.

The Court's local rules set out specific requirements for responding to a motion for summary judgment:

> The Response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. Each fact in dispute must be numbered, must *refer with particularity* to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed. *All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted*. The Response may set forth *additional facts* other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion. *Each* additional fact must be *lettered* and must *refer with particularity* to those portions of the record upon which the non-movant relies.

1

D.N.M.LR-Civ. 56.1(b) (emphasis added). A district court's local rules may prescribe specific briefing requirements, and to the extent a party fails to comply, the Court may consider facts undisputed. D.N.M.LR-Civ. 56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted."); *see also Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (citing *Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1978)); *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1198–99 (10th Cir. 2000); *Coleman v. Blue Cross Blue Shield of Kan., Inc.*, 287 F. App'x 631, 634–35 (10th Cir. 2008).

Relator's response, Doc. 225, does not substantially comply with the local rules. Relator's statement of undisputed facts, Doc. 225 at 6–17, does not "refer with particularity to those portions of the record upon which the non-movant relies." D.N.M.LR-Civ. 56.1(b). When citing a deposition, parties must specify the page *and line* numbers and ranges, and when citing other exhibits, parties must identify a page or page range that is being relied on. *See, e.g.*, *Coleman*, 287 F. App'x at 634–35.

Relator's statement of additional facts, Doc. 225 at 17–41, is also substantially non-compliant: "[1] Each additional fact must be **lettered** and [2] must refer with particularity to those portions of the record upon which the non-movant relies." D.N.M.LR-Civ. 56.1(b) (emphasis in original). Relator must also limit its statement of additional facts to "additional facts other than those which respond to the Memorandum." D.N.M.LR-Civ. P. 56.1(b). In other words, the Statement of Additional Facts is not a second opportunity to dispute the movant's statement of facts.

The Court hereby **STRIKES** Relator's response to Defendants' motion for summary judgment, Doc. 225. Relator may re-file a response which complies with this Court's local rules regarding summary judgment briefing procedures. The Court will <u>not</u> accept any substantive

changes to the briefs submitted. Relator should fix only its facts section, and to the extent necessary, citations in its argument section.

Relator's corrected response shall be filed with the Court **within ten (10) days from the date of entry of this Order**. Defendant United's reply shall be filed **within ten (10) days from the date of the filing of the response**.

It is **SO ORDERED**.

_____/S/_____<br>
KEA W. RIGGS<br>
UNITED STATES DISTRICT JUDGE